IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:15-CR-14-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| KAYDA MONAY LOVICK GARRICK, | ) |

This matter is before the Court on defendant's *pro se* motion to reduce her financial responsibility payment. [DE 35]. The government has responded and, for the following reasons, defendant's motion is denied.

## BACKGROUND

Defendant was convicted of one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, 28 grams or more of cocaine base (crack), and a quantity of marijuana in violation of 21 U.S.C. § 846. On July 9, 2015, defendant was sentenced to 72 months' imprisonment, 5 years' supervised release, and was ordered to pay restitution in the amount of $1,400.00 and a $100.00 special assessment. [DE 26]. The judgment indicates the monetary penalties are to be paid as follows:

> Payment of the special assessment shall be due immediately. Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available.

*Id.* at 6.

On November 9, 2016, defendant filed a motion with this Court requesting that the Court reduce her IFRP payments from $80.00 per month to $25.00 per quarter. [DE 35].

## DISCUSSION

In the case at bar, the Court did not set a schedule for payment of restitution. The Court instead ordered that the judgment was due and payable in full immediately. This language allows the United States to use any legal means necessary to collect the judgment. The Court also specified that if the restitution and fines were not paid immediately that it may be paid through the Inmate Financial Responsibility Program ("IFRP"). The Court did not set any schedule other than that upon release from prison, the defendant must pay at least $25 per quarter through the IFRP, if available.

The Fourth Circuit has made clear that the provisions of the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A and 3664, should be strictly construed, and that modifications of restitution should only be allowed where specifically provided for in that statute. *United States v. Roper*, 462 F.3d 336 (4th Cir. 2006). "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).

Here, it does not appear that defendant is challenging the judgment ordering restitution, but only the manner by which that restitution is being collected. For such challenges, there is a system in place within the Bureau of Prisons for addressing complaints about the administration of restitution payments. Defendant must pursue her claims administratively before seeking redress in this Court. *See McKart v. United States*, 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)). Title 28 C.F.R. § 542.10, *et seq.*, sets out

2

the Bureau of Prisons Administrative Remedy Program, which establishes procedures for reviewing complaints relating to conditions of confinement. This process includes informal complaints, formal complaints, and multiple levels of appeals. 28 C.F.R. § 542.13–18. Failure to exhaust administrative remedies is excusable only upon a showing of cause and prejudice. *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. Feb. 6, 2004).

Here, there is no evidence defendant has sought relief from—much less exhausted—administrative remedies. There is also no evidence that defendant's failure to exhaust her administrative remedies is because following the procedure would be futile. Thus, defendant has no valid excuse for failing to exhaust, and her failure to do so precludes redress in this Court.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 35] on is DENIED.

SO ORDERED, this _12_ day of April, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3